W. H. WHITSETT *et al. v.* J. H. WRIGHT.*

(*Nashville.* December Term, 1926.)

Opinion filed, March 12, 1927.

SUMMARY PROCEEDING. Sheriff. Statutory penalty. Failure to
   return process.

   The "party aggrieved" by the failure of an officer to execute and
   make return of any process duly placed in his hands, is the party
   at whose instance such process was issued, or some one having a
   beneficial interest therein, by transfer or assignment from such
   party, either in fact or by operation of law.  (Post, p. 210.)

   Citing: Code 1858, sec. 3603; Shannon's Code, sec. 5368; Acts 1777,
   (N. C.), ch. 8, sec. 5; Huffaker v. Greer, 41 Tenn. (1 Cold.), 160.

---

   *Headnotes 1.  Appeal and Error, 4 C. J., section 2564; 2. Sheriffs
and Constables, 35 Cyc., p. 1895 (Anno).

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County.
—Hon. JAMES B. NEWMAN, Chancellor.

W. C. CHERRY, GEORGE M. THOMAS and R. B. C. HOWELL,
for Whitsitt.

ROBT. L. SADLER, for Wright.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The appeal herein is by J. H. Wright from a decree of the chancery court of Davidson county sustaining a demurrer to Wright's motion against the Sheriff of Davidson county for a statutory penalty.

The motion was made by Wright in a replevin suit in which he was the defendant. The motion recites that a writ of replevin was duly placed in the hands of one of the sheriff's deputies and was by him executed, but no return thereof was ever made. The motion then recites: "By the proceedings in this case property to the value of $390 was taken from the said J. H. Wright, and the same has become lost or destroyed."

The motion further recites that the complainants in the replevin suit subsequently dismissed their bill, and thereafter Wright brought suit on the replevin bond for the value of the property taken under the writ. It is recited that the suit on the motion was dismissed in the circuit court on the ground that the property did not come into the custody of the complainants because of the failure of the deputy sheriff to make any return on the writ of replevin.

It is further disclosed by the recitations of the motion, however, that on the trial of the suit on the replevin bond the deputy sheriff testified that he did not make return of the replevin writ because he could not find and identify the property, and that Wright had refused to disclose it.

The motion was for the penalty provided for in section 5368 of Shannon's Code (all editions), Section 3603 of the Code of 1858, which is as follows:

"Any sheriff or other officer failing to execute and make return of any process issued from any court of record, and delivered to him twenty days before the return day, is liable to a penalty of one hundred and twenty-five dollars, to be recovered by the party aggrieved, on motion before the court to which the process is returnable."

The demurrer made defense to the motion on the ground that the statute just quoted was enacted for the benefit of the party procuring the issuance of process, or those claiming under him, so that the penalty cannot be invoked by the party against whom such process is issued; and that Wright's remedy was in his suit brought on the replevin bond, as described in the motion.

From the recitation of the motion that the officer in whose hands the replevin writ was placed denied that he was able to execute the writ, or that the property described in the writ was ever in his possession, it is possible that Wright has misconceived the cause for the dismissal of his suit on the bond; but whether this be true or not, any error in the action of the Circuit Court in that suit cannot be corrected on this appeal from the decree sustaining the demurrer to Wright's motion in the Chancery Court cause.

It is conceded on the brief of learned counsel for the sheriff that if the officer had, in fact, taken possession of the property under the replevin writ, his failure to make any return of the writ could not be interposed by the original complainants, at whose instance the writ was issued, as a defense to a suit on the replevin bond after the replevin suit was dismissed; and this concession is in accord with our opinion, since, under such circumstances,

155 Tenn.—14.

the possession of the officer would be treated as the possession of the party at whose instance the writ was issued and placed in the officer's hands.

The statute providing for the penalty here claimed was not enacted with particular reference to replevin suits, but is a general statute applicable to all actions and to "any process issued from any court of record." What we have said hereinabove indicates that no such statute is necessary for the proper protection of the defendant in a replevin suit.

The provisions of the Code Section quoted are taken, with some modifications, from Section 5 of Chapter 8 of the Acts of 1777 (North Carolina).

A similar penalty provided in the same section of the same act, for a false return of an execution, was sought in *Huffaker* v. *Greer*, 41 Tenn. (1 Cold.), 160. The penalty was denied to the plaintiff in that action on the ground that he was not the "party aggrieved." This court said:

"We are of opinion, that, under this Statute, only the plaintiff in the execution, or some one having the beneficial interest therein, by transfer or assignment from him, either in fact, or by operation of law, can be regarded as 'the party aggrieved by the false return of an execution, so as to be entitled to maintain an action for damages resulting therefrom.'"

We think this holding should be applied to the statutory provision here invoked, and that the "party aggrieved" by the failure of an officer to execute and make return of any process, duly placed in his hands, is the party at whose instance such process was issued, or some one having a beneficial interest therein, by transfer or

assignment from such party, either in fact or by operation of law.

We hold, therefore, that the Chancellor was correct in sustaining the demurrer to the motion, and the decree will be affirmed.